**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:25-cr-60273-PCH

UNITED STATES OF AMERICA,

     Plaintiff,

v.

TACAVEON TRAVON CARSON,

     Defendant.

_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Tacaveon Travon Carson. Based upon the change of plea hearing conducted on March 19, 2026, this Court makes the following findings, and recommends that the guilty plea be accepted.

1.    The undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. (ECF No. 134). I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to the undersigned conducting the change of plea hearing.

2.    The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3.      Defendant pled guilty to Count One of the Indictment, which charges him with conspiracy to commit bank fraud and wire fraud, in violation of 18 U.S.C. section 1349, and Count Thirty One of the Indictment, which charges him with aggravated identity theft in violation of 18 U.S.C. section 1028A(a)(1). I advised Defendant that the maximum penalty the Court could impose as to Count One is a term of up to thirty years imprisonment, followed by a supervised release of at least five years, and that the Court must impose a term of two years' imprisonment as to Count Thirty One, to run consecutive to a sentence on Count One, followed by a term of supervised release of up to one year. In addition to any term of imprisonment, the Court may impose a fine of up to $1,000,000 or twice the pecuniary gain or loss, whichever is greater (Count One) and $250,000.00, on Count Thirty One.  The Court will also assess a mandatory special assessment of $200.00, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution and forfeiture, and the potential for immigration consequences including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4.      To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

5.      The parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he had reviewed the entire agreement with counsel before he signed it. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant indicated that he has reviewed discovery with counsel.

6.      Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

7.      Therefore, the undersigned **RECOMMENDS** that Defendant be found to have freely and voluntarily entered his guilty plea to Counts One and Thirty One of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

8.      A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.

The parties will have **THREE (3) CALENDAR DAYS[1]** within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in chambers at Miami, Florida, this 19th day of March, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties consented to this abbreviated term for objections.